# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Wayne Conte,<br><br>    Plaintiff<br><br>v.<br><br>Jesusa Conte,<br><br>    Defendant | 2:17-cv-01572-JAD-VCF<br><br>**Order Granting Summary Judgment and Vacating Hearing**<br><br>[ECF Nos. 9, 15, 17 ] |

    Wayne Conte is not happy with the terms of his 2012 divorce decree. He claims that his ex-wife Jesusa Conte lied to the family court about the validity of their marriage, and that lie led to the judge awarding Jesusa a portion of Wayne's veteran's disability benefits as alimony. Last year, Wayne sued in federal court Jesusa and the family court judge who issued the divorce decree, claiming that the decree violates the Veteran's Benefits Act of 2010 (VBA), Public Law 108-136, and the Americans with Disabilities Act (ADA).[1] The court dismissed that lawsuit with prejudice because the federal court lacks jurisdiction to review divorce decrees; Wayne's claims were barred by the doctrines of issue and claim preclusion because his arguments had already been fully litigated before, and rejected by, the family court judge; and the claims were entirely directed against the family court judge, who was shielded by judicial immunity.[2]

    Wayne went back to the drawing board, shifted the focus of his claims from the judge to Jesusa, and filed a near verbatim complaint[3] a year later to commence this case. But as Jesusa points out in her motion for summary judgment, this new case suffers from the same defects as

---

[1] 2:16-cv-0009-APG-GWF at ECF 20.

[2] 2:16-cv-0009-APG-GWF at ECF 29.

[3] The general allegations are nearly identical. But for this case, Wayne added to those allegations enumerated claims for fraud, forgery, and intentional infliction of emotional distress. *Compare* 2:16-cv-0009-APG-GWF at ECF 20 *with* 2:17-cv-1572-JAD-VCF at ECF 1.

his last. I thus grant summary judgment in Jesusa's favor and close this case.

## Discussion

Wayne and Jesusa Conte dissolved their marriage in divorce proceedings in the Eighth Judicial District Court for Clark County, Nevada in 2012. In the divorce decree, the court concluded that Wayne's "40 year Pension is community property and was acquired during the parties' marriage. Furthermore . . . [his] 20 years of military prior service credited towards his Federal OPM civil service pension . . . were purchased during the marriage to Ms. Conte with community funds; therefore said 20 years of prior military time credited towards the Federal OPM pension are community property."[4] And when calculating alimony, the court ordered that Jesusa would be "entitled to approximately $521.00 per month" from that pension.[5]

Wayne is unhappy with this obligation, so he asks this court to step in and "order specific performance, to include termination of any and all garnishments from [his] military retirement and civil service retirement (OPM)."[6] To speed this relief along, Wayne moves for summary judgment in his favor.[7] Jesusa opposes the motion and countermoves for summary judgment, arguing that Wayne's claims are barred, as the court already recognized last year, and she asks for an award of fees and costs.[8] Although I find that this court lacks subject-matter jurisdiction over Wayne's claims and thus dismiss this case with prejudice, I deny the motion for attorney's fees and costs because Jesusa made no real attempt to comply with the rules for seeking that relief.

---

[4] ECF No. 1 at 11, ¶ 14.

[5] *Id*. at 13–14.

[6] ECF No. 1 at 5. He also asks for damages, including $1 million in punitive damages. *Id*. at 5–6.

[7] ECF No. 9. Wayne spends the bulk of his motion asking the court to disqualify Jesusa's lawyer. Because I dismiss this case for lack of subject-matter jurisdiction, I do not reach that argument.

[8] ECF No. 15. Wayne has filed no opposition, but I recognize that I may not grant summary judgment by default.

2

**A.    This court lacks jurisdiction to review Wayne's divorce proceedings.**

Under the *Rooker–Feldman* doctrine, which takes its name from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.* and *District of Columbia Court of Appeals v. Feldman*,[9] a federal district court does not have subject matter jurisdiction to hear a direct appeal from a final judgment of a state court.[10] A losing party in state court is thus barred from seeking what in substance would be appellate review of a state judgment in federal district court, even if the party contends that the state judgment violated his or her federal rights.[11] As the Ninth Circuit has explained: "If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction."[12]

The federal court's inability to hear this case is not news to Wayne. As U.S. District Judge Andrew Gordon put it when dismissing Wayne's materially similar case last year, the federal courts "cannot review or overturn decisions by the state court," and "[t]he *Rooker-Feldman* doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

---

[9] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

[10] *See Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003).

[11] *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994); *Allah v. Superior Court*, 871 F.2d 887, 891 (9th Cir. 1989) (stating that Rooker–Feldman doctrine "applies even though the direct challenge is anchored to alleged deprivations of federally protected due process and equal protection rights"), *superseded by statute on other grounds as stated in Schroeder v. McDonald*, 55 F.3d 454, 458 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) ("This doctrine applies even when the challenge to the state court decision involves federal constitutional issues.").

[12] *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

district court review and rejection of those judgments.'"[13] Unfortunately, Wayne did not heed this warning. His retread complaint does exactly what the *Rooker-Feldman* doctrine prohibits: it asks this federal district court to overturn the final and binding decree in his state-court divorce case. Because granting the relief that Wayne seeks "would undercut the state ruling," I must dismiss this case for lack of subject-matter jurisdiction.[14]

**B.      Jesusa's request for attorney's fees, costs, or sanctions is denied.**

In just two sentences at the end of her summary-judgment motion, Jesusa also asks for an award of "Attorneys fees/costs/sanctions" under Rule 11 of the Federal Rules of Civil Procedure. I deny this bald request because Jesusa has made absolutely no effort to comply with this court's requirements for any of these forms of relief. Requests for sanctions under rule 11 "must be made separately from any other motion," and that motion must be served on the opposing party "but it must not be filed or be presented to the court" for 21 days, to allow the opposing party time to take action.[15] Jesusa took none of these steps. And Local Rule 54-14 contains a long list of information that must be included in any request for attorney's fees, including an affidavit from the attorney responsible for billings in the case confirming that the fees and costs charged were reasonable. Jesusa included none of this. And Local Rule 54-14(d) provides that "[f]ailure to provide the information required" by the rule "may be deemed a consent to the denial of the motion." Because Jesusa has made zero effort to comply with the rules under which she seeks fees, costs, and sanctions, I deny her request.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Jesusa Conte's motion for summary judgment **[ECF No. 15] is GRANTED in part and denied in part** as explained above, and that Wayne Conte's motion for summary judgment **[ECF No. 9] is DENIED** as moot. **The Clerk of**

---

[13] 2:16-cv-0009-APG-GWF at ECF 29 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[14] *Bianchi*, 334 F.3d at 898.

[15] Fed. R. Civ. P. 11(c)(2).

4

**Court is directed to ENTER JUDGMENT in favor of defendant and against plaintiff**.

IT IS FURTHER ORDERED that **the hearing on Wayne's motion for summary judgment, scheduled for September 11, 2017, at 3:00 p.m. is VACATED** as moot, and Wayne's motion for special accommodation **[ECF No. 17] is DENIED** as moot.

The Clerk of Court is directed to CLOSE THIS CASE.

DATED: September 6, 2017

_____
Jennifer A. Dorsey
United States District Judge